48 F.3d 562
 310 U.S.App.D.C. 386
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES
v.
Chan CHUN-YIN, Appellant.
 No. 94-3051.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 23, 1995.
 
 Before: WILLIAMS, GINSBURG, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED, for the reasons stated in the accompanying memorandum, that the district court's dismissal of Chan's petition for habeas corpus under 28 U.S.C. Sec. 2255 be affirmed. The district court did not abuse its discretion by precluding Chan from launching a collateral attack on his conviction and sentence. A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Chan cannot prevail on any of the grounds for relief stated in his habeas petition: ineffective assistance of trial counsel based upon counsel's failure to object to an erroneous jury instruction; improper curtailment by the trial court of cross-examination of the primary government witness; improper submission to the jury of a retyped indictment; and sentencing under the wrong provision of the relevant statute.
 
 
 5
 First, Chan has not shown "both incompetence and prejudice" necessary to succeed on his claim of ineffective assistance of trial counsel. See Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). This court has already determined on direct appeal that the trial court's failure to give the proper instruction did not result in a miscarriage of justice because any harm was mitigated by the court having read the properly worded indictment to the jury and by the arguments of counsel referencing the proper scienter element. See United States of America v. Chan Chun-Yin, 958 F.2d 440 (D.C.Cir.), cert. denied, 112 S.Ct. 3010 (1992). Therefore, even if the failure of Chan's counsel to object to the erroneous jury instruction amounted to incompetence, this court has already determined that no prejudice resulted. Id. at 444.
 
 
 6
 Second, Chan has not shown that the trial court abused its discretion by limiting the cross-examination of former FBI Agent Fred Yau, the Government's primary witness. Although " '[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination,' " Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986) (emphasis in original) (citations omitted), the trial court has "wide latitude" to impose "reasonable limits" on cross-examination of a prosecution witness. Id. at 679.
 
 
 7
 Nonetheless, even if the district court had abused its discretion in limiting Chan's cross-examination of Yau, the error was harmless under all of the factors provided in Van Arsdall, id. at 684. Although Yau's testimony was important to the Government's case, it was not the only evidence submitted at trial and it was corroborated by the testimony of other law enforcement officers who worked with Yau on the case and took part in the investigation in Hong Kong. In addition, coded conversations that had been videotaped and recorded in Hong Kong of Yau and Chan discussing the drug sale were played in the presence of the jury. Finally, the trial court permitted cross-examination on one of the charges against Yau regarding an alleged kickback which might have cast some doubt on Yau's credibility had his counsel elected to pursue the issue. The independent judgment of trial counsel after being allowed the opportunity to voir dire the witness, cannot be attributed as trial court error.
 
 
 8
 To the extent Chan claims error based on the trial court's decision to exclude the materials created by the FBI during its investigation of Yau, Federal Rule of Evidence 608(b) prohibits use of extrinsic evidence to prove specific instances of conduct of a witness, other than conviction of a crime, for purposes of attacking the witness' credibility. Yau had not been convicted of any criminal activity and was merely the subject of an internal agency investigation; therefore, the trial court's exclusion of the packet of materials was clearly proper.
 
 
 9
 Third, when a grand jury indictment has been retyped for submission to the petit jury so that dismissed counts are not considered by the petit jury, there is no Fifth Amendment violation. See United States v. Kegler, 724 F.2d 190, 194 (D.C.Cir.1983); United States v. Bryant, 471 F.2d 1040, 1045 (D.C.Cir.1972), cert. denied, 409 U.S. 1112 (1973). Retyping of the indictment for that purpose is not an "amendment" of the original indictment. See Bryant, 471 F.2d at 1045. "The use of such an 'indictment' in the circumstances of this case was in the interest of justice and in appellant's own interest." Id.
 
 
 10
 Fourth, the district court properly sentenced Chan under the provisions of 21 U.S.C. Sec. 960, since the penalties for violating Sec. 959 and other provisions of the statute are provided under Sec. 960. See 21 U.S.C. Secs. 959 and 960. Section 960(b) explicitly states what the penalty is for a violation of Sec. 959 involving more than one kilogram of heroin, the crime for which Chan was convicted. Accordingly, the statute is not vague and the trial court did not commit error.